UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DARRYL McGORE #142739
and MICHAEL ANDERSON #260826,

        Plaintiffs,        Case No. 1:11-cv-513

v.        Honorable Paul L. Maloney

BARBARA SAMPSON et al.,

        Defendants.
_____/

**ORDER**

        This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Darryl McGore and Michael Anderson, who are incarcerated at the Oaks Correctional Facility.[1] The current fee for a civil action is $350.00. Because there are multiple Plaintiffs, each Plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each Plaintiff is liable for $175.00.

        On June 6, 2011, the Court entered an order of deficiency (docket #6) because Plaintiff Anderson failed to pay his $175.00 portion of the civil action filing fee or to file the documents as required by 28 U.S.C. § 1915(a)(2) to apply to proceed *in forma pauperis*. The Court allowed 28 days for Plaintiff to comply. Plaintiff was warned that if he failed to comply, the Court

---

[1] Jeffrey Moore also was listed as a Plaintiff in the caption. However, because Moore did not sign the compliant, the Court does not recognize him as a Plaintiff in this action.

would presume that he was not proceeding *in forma pauperis*, assess the filing fee, and dismiss his case for want of prosecution.

Also on June 6, 2011, the Court issued an opinion and order (dockets ##-7-8) denying Plaintiff McGore leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The Court required Plaintiff to pay his portion of the $175.00 civil action filing fee within twenty-eight days, and the Court warned that his case would be dismissed without prejudice should he fail to pay. The Court also warned that Plaintiff would be responsible for payment of the $175.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

More than twenty-eight days have elapsed since the Court's orders. Plaintiff Anderson failed to cure his deficiency, but filed a motion to amend/correct claiming that he only signed his name to a "motion for contempt" and did not intend to file a civil action or pay a filing fee (docket #12). Plaintiff McGore also has failed to comply with the Court's order to pay his $175.00 portion of the filing fee. Rather, Plaintiff McGore filed a motion to vacate the court's opinion and order denying him leave to proceed *in forma pauperis* (docket #9). Plaintiff McGore's motion is difficult to read, but he appears to argue that he and Anderson should not have been assessed the $350.00 civil action filing fee for their "motion for contempt," but should only have been assessed a twenty-dollar motion fee. Plaintiffs' arguments are without merit. A motion only may be filed in an existing case over which the Court has jurisdiction. Plaintiff did not file their motion in any pending action. Instead, they filed an independent pleading that could only be construed as an original civil action under Section 1983. Thus, Plaintiffs' were properly assessed

the $350.00 civil action filing fee. The Court further notes that it does not assess fees for motions filed in existing cases.

Because Plaintiffs have failed to comply with the orders of the Court, dismissal of this action without prejudice is appropriate. The obligation to pay the full filing fee arises at the time the civil complaint is filed in the Court, thus, Plaintiffs remain liable for payment of the civil action filing fee despite the dismissal of their action. *See In re Alea*, 286 F.3d at 381. Accordingly, the agency having custody of Plaintiff shall collect $175.00 from each of the Plaintiffs and remit the funds to the Clerk of this Court. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

Therefore, in accordance with this Order, the Court will issue a Judgment dismissing the complaint without prejudice for lack of prosecution. Further,

**IT IS ORDERED** that Plaintiff McGore's motion to vacate (docket #9) and Plaintiff Anderson's motion to amend/correct (docket #12) are DENIED.

**IT IS ALSO ORDERED** that the agency having custody of Plaintiffs shall collect $175.00 from each of the Plaintiffs and remit the funds to the Clerk of this Court.

**IT IS ALSO ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  July 13, 2011              /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge